Case 5:25-cv-01533-FB   Document 12   Filed 12/12/25   Page 1 of 14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROLANDO RAFAEL INCLAN LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>BOBBY THOMPSON, Warden, South Texas Detention Center; MIGUEL VERGARA, Director, San Antonio Field Office, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States;<br><br>Respondents. | SA-25-CV-1533-FB (HJB) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Petitioner Rolando Rafael Inclan Lopez's Petition for Writ of Habeas Corpus (Docket Entry 1), and his Emergency Motion for Temporary Restraining Order ("TRO") (Docket Entry 5). Respondents have responded to the petition (Docket Entry 8), and Petitioner has replied (Docket Entry 9). All pretrial matters, including pending motions and habeas petitions, and any request for injunctive relief, have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). (Docket Entry 2.) For the reasons set out below, I recommend that the petition (Docket Entry 1) be **GRANTED**, and the motion for a TRO (Docket Entry 5) **DENIED AS MOOT**.

**I.    Background.**

Petitioner is a citizen of Cuba. (Docket Entry 5-1, at 5.) He entered the United States without inspection on or about April 11, 2022. (Docket Entry 1-1, at 6.) He was apprehended and detained shortly thereafter. (*See id.* at 10.) On April 15, 2022, Petitioner was released into the

United States pursuant to an Order of Release on Recognizance, which stated that he "ha[d] been arrested and placed in removal proceedings," pursuant to 8 U.S.C. § 1226. (*Id.*) Petitioner was also issued a Notice to Appear, which charged that he was inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been "admitted or paroled after inspection by an Immigration Officer." (*Id.* at 6.)

On September 17, 2025, during a routine check-in, ICE re-detained Petitioner. (Docket Entry 1-1, at 4.) Respondents assert that he is in full removal proceedings under 8 U.S.C. § 1229a, during which time he remains in custody on a mandatory basis. (Docket Entry 8, at 14.)

On September 19, 2025, Petitioner filed his petition for a writ of habeas corpus, arguing that his being subjected to mandatory detention during the pendency of his removal proceedings is unlawful. (Docket Entry 1, at 8, 20.) He argues that his detention is governed by 8 U.S.C. § 1226(a), which entitles him to a bond redetermination hearing before an immigration judge.[1] (*Id.* at 10–16.) Petitioner asks that the Court order Respondents either to release him or provide him with a bond redetermination hearing in accordance 8 U.S.C. § 1226(a). (*Id.* at 22.)

**II.   Discussion.**

The parties dispute both whether the Court has jurisdiction to order the habeas relief Petitioner has requested, and whether Petitioner is entitled to relief on the merits of his claims. Accordingly, this Report and Recommendation discusses the Court's jurisdiction before turning to the merits. *See Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first.").

---

[1] *See, e.g.*, *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) (explaining that if an alien is detained under 8 U.S.C. § 1226, "then the alien may receive a bond hearing before an immigration judge").

2

A. *Jurisdiction.*

As a general matter, this Court has jurisdiction over Petitioner's habeas petition pursuant to 28 U.S.C. § 2241. *See Rasul v. Bush*, 542 U.S. 466, 473 (2004) ("Congress has granted federal district courts . . . the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting 28 U.S.C. § 2241(a), (c)(3)); *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) ("A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law."). Respondents argue, however, that certain provisions of the Immigration and Nationality Act ("INA")—specifically, 8 U.S.C. §§ 1252(g), (b)(9), and 1225(b)(4)—affirmatively strip the Court of jurisdiction here. The undersigned addresses the jurisdictional impact of these provisions below.

1. *Section 1252(g).*

Section 1252(g) deprives district courts of jurisdiction over challenges to "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders" against aliens. 8 U.S.C. § 1252(g). Respondents argue that this provision divests the Court of jurisdiction because Petitioner "is challenging the decision to detain him in the first place, which arises directly from the decision to commence and/or adjudicate removal proceedings against him." (Docket Entry 8, at 11.)

Contrary to Respondents' contention, the Supreme Court has not read § 1252(g)'s language "to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General." *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *4 (W.D. Tex. Sept. 22, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)). "Instead, [the Court has] read the language to refer to just those three specific actions themselves." *Lopez-*

3

*Arevelo*, 2025 WL 2691828, at *4. And as Petitioner points out in his reply, he "does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order[;] . . . [h]e [only] challenges the decision *to detain* him." (Docket Entry 9, at 7 (emphasis added).) And this is not a case of challenging the initial detention "in the first place"—the parties do not dispute that Petitioner was previously released, and Petitioner specifically claims that his detention did not become unlawful until he was "denied the opportunity to request release on bond, despite his statutory and constitutional right to do so." (Docket Entry 1, at 3.) "Such claims are not barred by § 1252(g)." *Lopez-Arevelo*, 2025 WL 2691828, at *5. Accordingly, that provision does not divest the Court of jurisdiction.

        2. *Sections 1252(b)(9) and 1225(b)(4).*

Section 1252(b)(9) provides that "judicial review of all questions of law . . . including interpretation and application of statutory provisions . . . arising from any action taken . . . to remove an alien from the United States . . . shall be available only in judicial review of a final order [of removal]." 8 U.S.C. § 1252(b)(9). "[T]he only means of obtaining judicial review of a final order of removal," in turn, "is by filing a petition with a federal court of appeals." *Duarte v. Mayorkas*, 27 F.4th 1044, 1051 (5th Cir. 2022) (citing 8 U.S.C. § 1252(a)(5)). Respondents argue that § 1252(b)(9) deprives this Court of jurisdiction, and they try to bolster their § 1252(b)(9) argument through an appeal to § 1225(b)(4) (*see* Docket Entry 8, at 11), arguing that "[e]ven if the alien claims he is not appropriately categorized as an applicant for admission subject to § 1225(b), such a challenge must be raised before an immigration judge in removal proceedings." *Rojas v. Noem*, No. EP-25-CV-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025) (quoting identical language from respondents' brief in that case). Thus, Respondents argue, any challenge to Petitioner's "continued detention under § 1225(b) is inextricably intertwined with the removal

proceedings themselves, meaning that judicial review is available only through the court of appeals following a final administrative order of removal." (Docket Entry 8, at 12.)

Respondents read too much into these provisions. The Supreme Court has expressly rejected an "expansive interpretation of § 1252(b)(9)," concluding that § 1252(b)(9) does not apply where a petitioner is challenging their ongoing detention, as opposed to "asking for review of an order of removal," or "challenging the decision to detain them in the first place or to seek removal," or "challenging any part of the process by which their removability will be determined." *Jennings*, 583 U.S. at 294; *see Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096, at *4 n.2 (S.D. Tex. Oct. 3, 2025) (discussing *Jennings*). Because Petitioner challenges only his ongoing detention without an opportunity for a bond hearing during the pendency of his removal proceedings, "§ 1252(b)(9) does not present a jurisdictional bar." *See Jennings*, 583 U.S. at 295.

Respondents' appeal to § 1225(b)(4) fares no better. "[Section] 1225(b)(4) [does] not speak to the distinction between detention and deportability that this Court has explained is essential to the jurisdictional analysis." *Rojas*, 2025 WL 3038262, at *2. Instead, it "addresses an immigration officer's challenge to another officer's favorable determination that a noncitizen is admissible." *Id.* Thus, it is inapplicable where, as here, the alien is an "applicant for admission"— *i.e.*, one "who has not received a favorable determination of his admissibility." *Id.*

Based on the foregoing, §§ 1252(b)(9) and 1225(b)(4) do not divest the Court of jurisdiction to issue the habeas relief that Petitioner seeks.

**B.  *The Merits.***

As noted above, both Petitioner's habeas action (Docket Entry 1) and his motion for a TRO (Docket Entry 5) are included in the District Court's referral of pretrial matters to the undersigned for consideration. (*See* Docket Entry 2). The preliminary relief sought is identical, albeit temporary, to the ultimate relief sought in the habeas petition, and the merits of the petition have

5

been fully briefed and present purely legal issues for the Court's resolution. Accordingly, the undersigned proceeds directly to the merits of the habeas petition and does not address separately the motion for preliminary injunctive relief. *See Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *5 (S.D. Tex. Oct. 8, 2025) (granting petition for writ of habeas corpus and denying motion for identical preliminary relief as moot); *Buenrostro-Mendez*, 2025 WL 2886346, at *4 (same).

The petition before the Court presents a claim for habeas relief under the Immigration and Nationality Act ("INA"), the Constitution, and the Administrative Procedures Act ("APA"). (*See* Docket Entry 1.) Because the Court should find that Petitioner is entitled to habeas relief on the basis of the statute, the undersigned does not make any recommendations regarding Petitioner's constitutional or APA claims. The undersigned does, however, separately consider the type of relief to which Petitioner should be entitled.

    1. *Relief Under the INA.*

Resolution of Petitioner's argument for relief under the INA requires the Court to consider two provisions: § 1225(b)(1) and § 1225(b)(2). Petitioner argues that Respondents are wrongly subjecting him to mandatory detention under § 1225(b)(2) (Docket Entry 1, at 8–16); Respondents counter that Petitioner is legitimately subject to mandatory detention under § 1225(b)(1) (Docket Entry 8, at 3). Sections 1225(b)(1) and 1225(b)(2) both provide for "mandat[ory] detention of applicants for admission until certain proceedings have concluded," *Jennings*, 583 U.S. at 297. The circumstances supporting mandatory detention under the two provisions differ, but on the record before the Court, Petitioner cannot lawfully be subjected to mandatory detention under either § 1225(b)(1) or § 1225(b)(2).

a. Section 1225(b)(1).

Respondents contend that the mandatory detention is not premised on § 1225(b)(2)(A), but instead on § 1225(b)(1). (Docket Entry 8, at 3.) Section 1225(b)(1) permits an immigration officer to order expedited removal, "without further hearing or review," of arriving aliens and certain other aliens whom the officer determines are inadmissible under 8 U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7), unless the alien indicates either "an intention to apply for asylum" or "a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). In those cases, the alien "shall be detained," either for further consideration of the application for asylum, 8 U.S.C. § 1225(b)(1)(B)(ii), or pending a final determination of credible fear of persecution, 8 U.S.C. § 1225(b)(i)(B)(iii)(IV). *Cf. Jennings*, 138 S. Ct. at 842.

Respondents argue that Petitioner is among the "certain other aliens" covered by § 1225(b)(1). (Docket Entry 8, at 3.) The statute defines this category to include any alien "who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that [he] has been physically present in the United States continuously for the [two]-year period immediately prior to the date of the determination of inadmissibility." 8 U.S.C. § 1225(b)(1)(A)(iii)(II). For any alien who fits this definition, the statute gives the Attorney General "sole and unreviewable discretion" to designate them as subject to the screening provisions of § 1225(b)(1)(A), and permits the Attorney General to modify the designation "at any time." 8 U.S.C. § 1225(b)(1)(A)(iii)(I). Applying this statutory scheme to the case at hand, Respondents argue that, because Petitioner is "an applicant for admission encountered within two years of his unlawful entry," he is properly detained "on a mandatory basis under § 1225(b)(1)(A)(iii)(II)." (Docket Entry 8, at 9.)

This attempt to categorize Petitioner's case as falling under § 1225(b)(1) is unavailing, for at least two reasons. First, the evidence in the record shows that Petitioner was never determined

7

to be inadmissible under the terms of § 1225(b)(1)(A)(i).  By its terms, the statute applies to aliens determined to be inadmissible under either 8 U.S.C. § 1182(a)(6)(C) (for committing fraud or willfully misrepresentation), or § 1182(a)(7) (for lacking required documentation).  But the record shows that Petitioner was not charged with inadmissibility on these grounds; he was charged as inadmissible under a different section, 8 U.S.C. § 1182(a)(6)(A)(i), which applies to an alien who is present without having been inspected or admitted.  (*See* Docket Entry 1-1, at 6; Docket Entry 9, at 3.)  Under 8 U.S.C. § 1225(b)(1)(A)(iii)(I) the Attorney General could conceivably modify that designation, but Respondents have provided no evidence that the Attorney General did so in this case.  Indeed, Respondents have offered no evidence to contradict the record evidence presented by Petitioner, none of which reveals that he has ever been designated (or redesignated) as inadmissible under the provisions  covered by § 1225(b)(1)(A).

Second, Respondents' argument is undercut by their concession that Petitioner is in "'full' removal proceedings." (*Id.*)  As discussed above, § 1225(b)(1)(A)(iii) gives the Attorney General discretion only to subject defined aliens to the screening provisions of §§ 1225(b)(1)(A)(i) and (ii).  And as *Jennings* makes clear, those screening provisions permit only three outcomes: expedited removal "without further hearing or review," asylum proceedings, and credible-fear proceedings.  *See* 583 U.S. at 287 (quoting 8 U.S.C. §§ 1225(b)(1)(A)(i) and (ii)).  While § 1225(b) gives the Attorney General discretion to designate "certain other aliens" to the expedited removal process, 8 U.S.C. § 1225(b)(1)(A)(iii)(I), nothing in the statute affords her the discretion to subject them to full removal proceedings under § 1229a.[2]  And since the record evidence conclusively

---

[2] Aside from the statutes described in the text, the only regulation cited by Respondents gives officers the authority to issue a notice to appear to aliens arriving at the port of entry; it says nothing about the authority to subject aliens under § 1225(b) to full removal proceedings. (Docket Entry 8, at 4 (citing 8 C.F.R. §239.1).)  In any event, the statute itself authorizes no such thing, and to the extent that some other regulation might purport to interpret the statute differently, such interpretation is entitled to no deference. *See Covarrubias*, 2025 WL 2950097, at *3 ("Statutory

demonstrates (and Respondents readily concede) that Petitioner is in full § 1229a removal proceedings, his detention can be authorized only under § 1225(b)(2)(A) or § 1226(a). *See* 8 U.S.C. § 1225(b)(2)(A) ("[A]n applicant for admission . . . seeking admission . . . shall be detained for a proceeding under [§] 1229a."); 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States [under § 1229a]"); 8 U.S.C. § 1229a(a) ("An immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien.").

For the above reasons, the Court should not accept Respondents' assertion that the Attorney General has designated Petitioner for expedited removal under § 1225(b)(1)(A). Consequently, the Court should reject the argument that Petitioner is lawfully detained under mandatory detention provisions of that section.[3]

      b. Section 1225(b)(2).

Having found that § 1225(b)(1) is inapplicable to Petitioner, the undersigned now addresses whether § 1225(b)(2) mandates his detention. Petitioner argues that Respondents are wrongly subjecting him to mandatory detention under § 1225(b)(2)(A) when he should be subjected only

---

interpretation is the province of the courts, not agencies.") (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024)).

[3] As noted above, Petitioner argues that even if he had been designated as falling within the ambit of § 1225(b)(1)(A), the designation would be erroneous, since he was charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) rather than 8 U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7). (Docket Entry 9, at 3.) Whether the designation would be erroneous appears to be irrelevant to Petitioner's statutory claim, given that the Attorney General has unreviewable discretion to designate an alien as falling within the statute, and to modify the designation at any time. *See* 8 U.S.C. § 1225(b)(1)(A)(iii)(I). It could, however, be quite relevant to a constitutional claim. Such a redesignation would arguably deprive Petitioner of liberty on a plainly erroneous basis without any chance for review. If so, it would raise serious due process concerns. Indeed, one court in this District has already rejected a § 1225(b)(1)-based argument by the Government on due process grounds. *See Rojas*, 2025 WL 3038262. In any event, for the reasons previously stated, the Court need not reach the constitutional issue in this case.

to discretionary detention under § 1226(a), in which case he would be entitled to a custody redetermination by an immigration judge. (Docket Entry 1, at 8–16.) Respondents do not directly respond to this argument, but the precise issue has previously been resolved by this Court.

Following numerous other district courts around the country, the undersigned has recommended—and this Court has held—that aliens who are "applicants for admission" by virtue of their presence in the United States without inspection, but who are not actively "seeking admission," are not subject to mandatory detention under § 1225(b)(2)(A). *See Becerra Vargas, v. Bondi*, No. SA-25-CV-1023-FB (HJB), 2025 WL 3300446, at *4 (W.D. Tex. Nov. 12, 2025) (citing cases), *report and recommendation adopted*, No. SA-25-CV-1023-FB, 2025 WL 3300141 (W.D. Tex. Nov. 26, 2025). Instead, they are subject only to discretionary detention under § 1226(a), which therefore entitles them to a bond redetermination by an immigration judge if they are taken back into custody. *See id.*

Because Petitioner does not fall within the ambit of § 1225(b)(1), and because he was an applicant for admission who was not actively "seeking admission" when he was arrested and detained, his detention is governed by § 1226(a)—not § 1225(b)(2)(A). *See Becerra Vargas*, 2025 WL 3300446, at *4; *see also Mendoza Euceda v. Noem*, No. SA:25-CV-1234-OLG, Order Granting Petition for Writ of Habeas Corpus, at 6 n.2 (W.D. Tex. Nov. 17, 2025) (collecting over 60 cases holding that applicants for admission who are not actively seeking admission are entitled to a custody redetermination by an immigration judge).

As Petitioner's case is materially indistinguishable from *Becerra Vargas*, he is entitled to the same result, and habeas relief should be granted. *See Chang v. Noem*, No. SA:25-CV-1259-FB (HJB) Report and Recommendation, (W.D. Tex. Dec. 8, 2025) (recommending that petition for writ of habeas corpus be granted after the parties, at the Court's behest, advised that there were no material differences between that case and *Becerra Vargas*). Because Petitioner is entitled to

10

habeas relief based on his statutory claim (Count I), the Court need not consider whether he is entitled to relief based on his APA[4] and constitutional claims—Counts II and III, respectively.

    2. *The Appropriate Relief.*

The only remaining issue is to determine the scope of relief to which Petitioner is entitled. In his petition, Petitioner asks the Court to issue a writ of habeas corpus, "requiring that Respondents immediately release [him] . . . or, in the alternative, provide [him with] a custody redetermination hearing before an impartial Immigration Judge within seven days where the Government bears the burden to prove by clear and convincing evidence that [he] . . . poses a danger or flight risk." (Docket Entry 1, at 22.) The undersigned recommends that the appropriate relief here is immediate release, which is the relief granted in other recent immigration-habeas cases decided by the District Judge on the undersigned's recommendations. *See, e.g.*, *Becerra Vargas*, 2025 WL 3300446, at *5; *Chang*, No. SA:25-CV-1259-FB (HJB) Report and Recommendation, at 4 (W.D. Tex. Dec. 8, 2025); *cf. AMM v. Thompson*, No. SA-25-CV-1210-FB (HJB), 2025 WL 3296316, at *5-6 (W.D. Tex. Nov. 18, 2025), *report and recommendation adopted*, No. SA-25-CV-1210-FB, 2025 WL 3296315 (W.D. Tex. Nov. 26, 2025).

In *Becerra Vargas*, Respondents argued that the appropriate relief, if the petition for writ of habeas corpus were granted, would be to order "immediate release, rather than order an immigration judge to hold a hearing." 2025 WL 3300446, at *5. The reason, they explained, was

---

[4] The undersigned notes that if Petitioner's APA claim were not mooted by the Court's granting his habeas relief based on his statutory claim, it would be subject to dismissal without prejudice for two independent reasons. First, courts lack jurisdiction to hear APA claims absent "final agency action for which there is no other adequate remedy in a court," but a writ of habeas corpus is clearly an adequate remedy for Petitioner here. *See Sandoval-Lopez v. Tillerson*, 713 F. App'x. 255, 259 (5th Cir. 2017). And even if habeas were not an adequate remedy, Petitioner's civil APA claim could not go forward because Petitioner has paid only the $5 habeas filing fee. (*See* Docket Entry 1.) Civil claimants are generally required "to pay a filing fee of $350," and "[t]he payment of the $5 habeas filing fee relegates this action to habeas relief only." *Ndudzi v. Castro*, No. SA-20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020).

11

that ordering a custody redetermination hearing "would require the immigration judge to do that which, in light of BIA precedent, the judge would not believe he had any authority to do." *Id.*; *see Matter of Yajure-Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025) ("The Immigration Judge . . . lacked authority to hear the respondent's request for a bond as the respondent is an applicant for admission and is subject to mandatory detention under . . . § 1225(b)(2)(A)."); 8 C.F.R. § 1003.1 (Aug. 28, 2025) ("[D]ecisions of the [BIA] . . . are binding on all . . . immigration judges in the administration of the immigration laws of the United States."). In this case, Respondents likewise argue that Petitioner is subject to mandatory detention (Docket Entry 8, at 1), which would mean that the immigration judge would not be permitted to hold a hearing. Accordingly, as in *Becerra Vargas*, the Court should simply order Petitioner's immediate release, rather than order Respondents to require an immigration judge to conduct a custody redetermination hearing. *See* 2025 WL 3300141, at *1 and n.1.

### III. Conclusion and Recommendation.

For the reasons stated in this report, I recommend that Petitioner's Petition for Writ of Habeas Corpus (Docket Entry 1) be **GRANTED**, and that Respondents be **ORDERED** to release Petitioner from their custody during the pendency of his removal proceedings. Accordingly, I also recommend that his Emergency Motion for Temporary Restraining Order (Docket Entry 5) be **DENIED AS MOOT**. *See Covarrubias*, 2025 WL 2950096, at *5 (granting petition for writ of habeas corpus and denying motion for identical preliminary relief as moot); *Buenrostro-Mendez*, 2025 WL 2886346, at *4 (same).

### IV. Notice of Right to Object Within Seven (7) Days.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a

"filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

Typically, parties must file any written objections to a Report and Recommendation within 14 days after their being served with a copy of the same. However, that time period may be modified by the Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In light of the deprivation of liberty at issue, and the undersigned's recommendation that Petitioner be released, the deadline is hereby truncated as follows: the parties must file any written objections **within seven (7) days** after their receipt of a copy of this Report and Recommendation.

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on December 12, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge