IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROLANDO RAFAEL INCLAN LOPEZ, § § | |
| *Petitioner*, § § | |
| VS. § | CIVIL ACTION NO. SA-25-CV-1533-FB |
| § | |
| BOBBY THOMPSON, Warden, South Texas § Detention Center; MIGUEL VERGARA, Acting § Director of the San Antonio Field Office U.S. § Immigration and Customs Enforcement; KRISTI § NOEM, Secretary of the United States § Department of Homeland Security; and PAMELA § BONDI, Attorney General of the United States, In § Their Official Capacities, § § | |
| *Respondents*. § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge filed on December 12, 2025 (docket #12); and Respondents' Objections to the Report and Recommendation filed on December 14, 2025 (docket #14); and Petitioner's Reply to Respondents' Objections to the Report and Recommendation filed on December 24, 2025 (docket #15).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Bemporad recommends that Petitioner's Petition for Writ of Habeas Corpus (docket entry no. 1) be GRANTED and that Respondents be ORDERED to release Petitioner from their custody during the pendency of his removal proceedings, and that the Emergency Motion for Temporary Restraining Order (docket entry no. 5) be DENIED AS MOOT, citing *Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096, at *5 (S.D. Tex. Oct. 3, 202, 5) and *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *4 (S.D. Tex. Oct. 7, 2025). In their objections, Respondents reurge their arguments asserting a lack of jurisdiction and asking this Court to follow the minority of courts which have ruled in their favor instead of the overwhelming number of decisions to the contrary.

The Court has reviewed the objections filed by the Respondents and has conducted a de novo review of the Magistrate Judge's Report and Recommendation and finds the objections should be overruled. The Court hereby accepts, approves, and adopts the factual findings and legal conclusions by the United States Magistrate Judge contained in the Report and Recommendation (docket entry no. 12), and incorporates herein the arguments and authorities presented by they petitioner in his Reply. The Report and Recommendation of the United States Magistrate Judge shall be accepted pursuant to 28 U.S.C. § 636(b)(1) such that: (1) Petitioner's Petition for Habeas Corpus (docket entry no. 1) shall be GRANTED such that Respondents shall be ORDERED to release Petitioner from their custody; and (2) the Emergency Motion for Temporary Restraining Order (docket entry no. 5) shall be DENIED AS MOOT.

Accordingly, it is hereby ORDERED that the Report and Recommendations of the United States Magistrate Judge, filed in this case on December 12, 2025 (docket #12) is ACCEPTED such that: (1)

Petitioner's Petition for Habeas Corpus (docket entry no. 1) is GRANTED and Respondents are ORDERED to release Petitioner from their custody as set forth below:

1. Respondents are DIRECTED to RELEASE Petitioner Rolando Rafael Inclan Lopez (A 240-316-997) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place no later than 4 p.m. on January 2, 2026.

2. Respondents must NOTIFY Petitioner's counsel by email[1] or by an in-person telephone conference of the exact location and time of Petitioner's release as soon as practicable and at least two hours before his release;

3. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing; and

4. Respondents shall FILE a status report no later than 12 p.m. on January 5, 2026, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

IT IS FURTHER ORDERED that the Emergency Motion for Temporary Restraining Order (docket entry no. 5) is DENIED AS MOOT; motions pending, if any, are DISMISSED AS MOOT, and this case is now CLOSED.  A final judgment will issue separately.

It is so ORDERED.

SIGNED this 30th day of December, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[1] Mark K. Kinzler:  Email: mark@kinzlerimmigration.com or telephone: (512) 402-7999.